[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEB 7, 2012
JOHN LEY
CLERK

No. 11-10065

_____

D.C. Docket No. 8:10-cr-00058-SDM-TBM-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

LAMONT BELLAMY,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

(February 7, 2012)

Before MARTIN and ANDERSON, Circuit Judges, and SCHLESINGER,* District Judge.

PER CURIAM:

_____

* Honorable Harvey E. Schlesinger, United States District Judge for the Middle District of Florida, sitting by designation.

Lamont Bellamy appeals the district court's denial of his motion to suppress evidence gathered when officers, acting pursuant to an arrest warrant, entered his girlfriend's apartment to arrest him. The pertinent facts and procedural history of this case are capably set forth in the Report and Recommendation adopted by the district court in its Order of September 24, 2010. For our purposes, we need only add that, as a result of the evidence found in his girlfriend's apartment, Bellamy was convicted of 18 U.S.C. § 922(g)(1), being a convicted felon in possession of firearms and ammunition. He was sentenced to 84 months imprisonment. In this appeal, Bellamy claims the officers' entry did not meet the standard set forth in Payton v. New York, 445 U.S. 573, 100 S. Ct. 1371 (1980), and thus violated his Fourth Amendment rights.[1] After thorough consideration of the oral and written submissions of both parties, we affirm the denial of Bellamy's motion to suppress.

"Because rulings on motions to suppress involve mixed questions of fact and law, we review the district court's factual findings for clear error, and its application of the law to the facts de novo." United States v. Magluta, 44 F.3d

---

[1] Payton states that "for Fourth Amendment purposes, an arrest warrant founded on probable cause implicitly carries with it the limited authority to enter a dwelling in which the suspect lives when there is reason to believe the suspect is within." Id. at 603, 100 S. Ct. at 1388. In United States v. Magluta, 44 F.3d 1530 (11th Cir. 1995), we described Payton as creating "a two-part inquiry: first, there must be a reasonable belief that the location to be searched is the suspect's dwelling, and second, the police must have reason to believe that the suspect is within the dwelling." Id. at 1533 (quotations marks omitted).

1530, 1536 (11th Cir. 1995). Conducting this review, we construe all facts "in the light most favorable to the prevailing party below"—here, the United States. Id.

Bellamy first asks us to decide whether Payton's "reason to believe" standard differs, in terms of quantum of proof, from the conventional probable cause standard. Facing this precise issue in Magluta, we concluded:

> We think it sufficient to hold that in order for law enforcement officials to enter a residence to execute an arrest warrant for a resident of the premises, the facts and circumstances within the knowledge of the law enforcement agents, when viewed in the totality, must warrant a reasonable belief that the location to be searched is the suspect's dwelling, and that the suspect is within the residence at the time of entry.

Id. at 1535.[2] We have since relied on Magluta to treat "reasonable belief" as distinct from, but analogous to, probable cause. See United States v. Bervaldi, 226 F.3d 1256, 1265–66 (11th Cir. 2000) (noting that "reasonable belief is different than probable cause," then judging, for Payton purposes, evidence's staleness by analogizing to the probable cause context, id. at 1265 (citing Magluta, 44 F.3d at 1534–35)). In evaluating Bellamy's appeal, then, we will simply follow the "reasonable belief" standard as it is set forth in the language of Magluta.

---

[2] Magluta thus followed our pre-Payton precedent, which drew a "helpful analogy" between the two qualitatively distinct standards, while not directly comparing the quantum of proof each requires. Vasquez v. Snow, 616 F.2d 217, 220 (5th Cir. 1980); see also United States v. Cravero, 545 F.2d 406, 421 (5th Cir. 1977) ("Probable cause is essentially a concept of reasonableness. . . . [While] reasonable belief embodies the same standards of reasonableness but just allows the officer . . . to determine if the suspect is probably within the certain premises without an additional trip to the magistrate and without exigent circumstances.").

3

Applying the first prong of the Payton test, we rely on "common sense factors" to determine whether the arresting officers harbored a reasonable belief that the apartment was indeed Bellamy's residence. See id. at 1263 (quoting Magluta, 44 F.3d at 1535). Without a doubt, the officers here were entitled to rely on the information they received from the St. Petersburg Police Department. See United States v. Bennett, 555 F.3d 962, 965 (11th Cir. 2009) (officers held reasonable belief that apartment was suspect's residence where they received information from out-of-state law enforcement that suspect was living with his mother); see also United States v. Kirk, 781 F.2d 1498, 1504–05 (11th Cir.1986) (distinguishing "an officer in the field," who is able to rely on information from other officers, from a magistrate who "must be presented with facts as to the source" of information for "probable cause" purposes). That information was then corroborated when the apartment complex's staff confirmed that Bellamy's girlfriend still lived in the same unit suggested by the St. Petersburg Police Department, and that Bellamy had been seen at that complex before. Beyond that, the suggestion of other possible addresses does not invalidate the reliability of that information. See Bervaldi, 226 F.3d at 1266 (concluding that evidence of defendant's permanent address "does little to undermine the officers' reasonable belief that [the defendant] actually resided [elsewhere], and that he merely used his

4

parents' address for various documents, such as his driver's license").

Addressing the second prong of the Payton test, we conclude that the arresting officers, already harboring a reasonable belief that Bellamy resided at his girlfriend's apartment, also held a reasonable belief that he was present there at the time they entered. The officers who arrested Bellamy identified the car, whose last known driver was Bellamy, next to the apartment where they believed he resided. See Magluta 44 F.3d at 1538 (stating "presence of a vehicle connected to a suspect is sufficient to create the inference that the suspect is at home"); see also United States v. Beck, 729 F.2d 1329, 1331–32 (11th Cir. 1984) (according weight to the fact that a suspect's car was parked near the entered home). The car's location represents a specific fact which indicated that Bellamy would be found in the apartment at the time the officers decided to enter.

For these reasons, we conclude that "the facts and circumstances within the knowledge of the law enforcement agents, when viewed in the totality" warranted a reasonable belief as to Bellamy's residence and presence. Magluta, 44 F.3d at 1535. Having therefore found both requirements of the Payton test to be satisfied, we affirm the district court's decision to deny Bellamy's motion to suppress.

**AFFIRMED.**